**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DERRICK HARRIS, | No.    24-6536 |
| Plaintiff-Appellant, | |
| | D.C. No. |
| v. | 2:21-cv-07999-WLH-JPR |
| SHARON KIM, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Wesley L. Hsu, District Judge, Presiding

Argued and Submitted September 15, 2025
Pasadena, California

Before: CLIFTON, IKUTA and LEE, Circuit Judges.
Dissent by Judge CLIFTON.

Defendant Sharon Kim appeals the district court's order denying her motion

for summary judgment on qualified immunity grounds in this 42 U.S.C. § 1983

action alleging Kim violated the Fourteenth Amendment by deliberately

fabricating evidence.  We have jurisdiction over "whether the defendant would be

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

entitled to qualified immunity as a matter of law, assuming all factual disputes are resolved, and all reasonable inferences are drawn, in plaintiff's favor." *Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022) (quoting *Estate of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021)).  We reverse and remand.

Assuming all facts and inferences in the light most favorable to Harris, Kim stated that Harris admitted to being in the Bounty Hunter Bloods in reliance on other officers' reports even though Harris never made such an admission.  It is not clearly established that Kim's reliance on other officers' reports in these circumstances rises to the level of a deliberate fabrication.  *See Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017).[1]

Assuming all facts and inferences in the light most favorable to Harris, Kim stated that the gang injunction named Harris, but it did not.  However, given that the record of service instructed the serving officer to hand the gang injunction to a member of the defendant gang and the gang injunction included those who act in concert with defendant gang members, it is not clearly established that such a

---

[1]    Kim has absolute immunity for her trial testimony.  *Lisker v. City of Los Angeles*, 780 F.3d 1237, 1241 (9th Cir. 2015).  Therefore, the district court erred in considering Kim's statement at trial that Harris admitted to her that he was in the Bounty Hunter Bloods.

2

technical error rises to the level of a deliberate fabrication. *See Spencer*, 857 F.3d at 798; *O'Doan v. Sanford*, 991 F.3d 1027, 1046 (9th Cir. 2021).

Assuming all facts and inferences in the light most favorable to Harris, Harris asked Kim if the reason he was being detained had anything to do with a robbery, but Kim failed to report that a bystander mentioned the robbery first. It is not clearly established that such an omission rises to the level of a deliberate fabrication. *See O'Doan*, 991 F.3d at 1045.

Finally, because it is not clearly established that Kim deliberately fabricated the evidence referenced above, it is likewise not clearly established that she violated *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), by failing to disclose to prosecutors that she fabricated that evidence. *Cf. Comstock v. Humphries*, 786 F.3d 701, 708-13 (9th Cir. 2015). **REVERSED** and **REMANDED.**

*Harris v. Kim*, 24-6536

CLIFTON, Circuit Judge, dissenting:

I respectfully dissent. We lack appellate jurisdiction to re-weigh the determination of the district court not to grant summary judgment to Defendant Sharon Kim in this interlocutory appeal. Our court's binding precedent expressly holds that the "district court's determination that the parties' evidence presents genuine issues of material fact is categorically unreviewable on interlocutory appeal." *Eng v. Cooley*, 552 F.3d 1062, 1067 (9th Cir. 2009). "[W]e have jurisdiction over an interlocutory appeal from the denial of qualified immunity where the appeal focuses on whether the defendants violated a clearly established law given the undisputed facts, while we do not have jurisdiction over an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts." *Knox v. Sw. Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997).

The core premise of Kim's position on appeal, accepted by the majority, is that there was insufficient evidence to support Harris's claim that Kim deliberately fabricated evidence. The district court explicitly found that "Harris has established a genuine issue of material fact as to whether Officer Kim deliberately fabricated evidence that was used against him in her report, in Detective Parker's report, and in her testimony at trial." Relevant factual questions may remain, such as whether Kim made her false statements deliberately or in error, but we do not have

jurisdiction to reassess the sufficiency of the evidence and may not draw inferences in Kim's favor. Because I do not believe we are permitted to reach the conclusion set forth in the memorandum disposition, I dissent.